UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OYUKI HALL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § § PLAINTIFF § § v. § § BAYLOR SCOTT & WHITE § HEALTH AND BAYLOR SCOTT & § WHITE MEDICAL CENTERS- § CAPITAL AREA, § § DEFENDANTS | | CIVIL ACTION NO. 1:17-cv-362 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Oyuki Hall, on behalf of herself and all others similarly situated ("Plaintiff") and files this Original Collective Action Complaint against Baylor Scott & White Health and Baylor Scott & White Medical Centers-Capital Area ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 Defendants operate a number of healthcare facilities throughout Texas. Defendants employed Plaintiff Oyuki Hall as receptionist/patient service specialist.

1.2 Oyuki Hall, on behalf of herself and all others similarly situated employed by Defendants as or receptionists/patient service specialists, brings this collective action to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-judgment and post-judgment interest

under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their receptionists/patient service specialists for pre-shift work.  Including this uncompensated pre-shift work in the weekly hours of Plaintiff and those similarly situated would have consistently resulted in Plaintiff and those similarly situated working more than forty hours per week.  As such, Defendants also willfully violated the FLSA by failing to pay overtime premiums for such time.  This collective action consists of current and former non-exempt receptionists/patient service specialists who were deprived of compensation for pre-shift work and for their resultant overtime premiums for all hours worked over forty.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce…"

2.2     The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Plaintiff and those similarly situated in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein

occurred in said District. Additionally, Defendants are residents of and are doing business in this District.

### III. PARTIES

3.1     Oyuki Hall is an individual residing in Texas. Her notice of consent is attached hereto as Exhibit A.

3.2     Defendant Baylor Scott & White Health is domestic nonprofit corporation that may be served with process through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201. Defendant Baylor Scott & White Health was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.3     Defendant Baylor Scott & White Medical Centers-Capital Area is domestic nonprofit corporation that may be served with process through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201. Defendant Baylor Scott & White Medical Centers-Capital Area was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

### IV. FLSA COVERAGE

4.1     At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00.

4.2     At all relevant times, Defendants have each been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3 At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203. Defendants are jointly and severally liable for damages herein.

4.4 At all relevant times, Defendants have been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.5 At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce while performing their job duties for Defendants.

4.6 At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V. FACTUAL ALLEGATIONS

5.1 Defendants required Plaintiff and those similarly situated to arrive before their shift started to begin preparing for their workday but did not pay Plaintiff or those similarly situated for any work performed pre-shift. Including this unpaid pre-shift work, Plaintiff and those similarly situated consistently worked over forty hours per week. However, Defendants did not pay their receptionists/patient service specialists overtime premiums for such work.

5.2 Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.3 Other employees have been victimized by this pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

5.4     Plaintiff brings this lawsuit on behalf of all persons who worked for Defendants as receptionists/patient service specialists at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

5.5     Though their job titles may vary, the primary function of members of the Collective Class was to prepare patient paperwork, initiate the check in process upon the arrival of patient, assist with patient insurance issues, and collect patient co-pays.

5.6     Plaintiff and the Collective Class shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

5.7     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

5.8     Defendants' pattern of failing to compensate for pre-shift work and failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

5.9     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

5.10    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

5.11    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

5.12    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

5.13    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

5.14    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VI.    CAUSES OF ACTION:  VIOLATIONS OF FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    Plaintiff and all others similarly situated are non-exempt employees.

6.3    Plaintiff and all others similarly situated are entitled to minimum wage for all unpaid pre-shift time, and are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

6.4    During their employment, Plaintiff and the Collective Class routinely worked uncompensated hours prior to the official start of their shift.   Defendants were aware of the fact that Plaintiff and the Collective Class were performing uncompensated work. In spite of this fact, Defendants have failed to pay Plaintiff and the Collective Class minimum wage for such hours, in violation of 29 U.S.C. § 201 *et seq*.

6.5    Additionally, during their employment, Plaintiff and the Collective Class routinely worked well in excess of forty hours per week.  Even though they consistently worked in excess of forty hours per week, Defendants have failed to pay Plaintiff and the Collective Class overtime premiums for such hours, in violation of 29 U.S.C. § 201 *et seq*.

6.6    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number hours worked per workweek by Plaintiff and the Collective Class.

6.7    Plaintiff and the Collective Class seek all unpaid minimum wage and overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Oyuki Hall and all those similarly situated who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to §216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following against Defendants, jointly and severally:

a. unpaid minimum wage and overtime wages for all hours worked in excess of forty hours in a workweek;

b. liquidated damages in an amount equal to their unpaid minimum wage and overtime compensation as allowed by the FLSA;

c. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

 /s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEY FOR PLAINTIFF